**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **THOMAS WURM,** | : | |
| | : | |
| Plaintiff, | : | CASE NO. 3:24-cv-00573 |
| | : | |
| v. | : | |
| | : | JUDGE JEFFREY J. HELMICK |
| **HEIDELBERG UNIVERSITY,** | : | |
| | : | |
| Defendant. | : | REPORT OF PARTIES' PLANNING |
| | : | MEETING |
| | : | |

1. Pursuant to Fed. R. Civ. P. 26(f) and L.R. 16.3(b), a meeting was held on <u>June 27, 2024</u>, and was attended by:

   Counsel for Plaintiff(s) <u>Francis J. Landry</u>

   Counsel for Defendant(s) <u>David R. Hudson; Jorden R. Messmer</u>

2. The parties:

          Have exchanged the pre-discovery disclosures required by Rule 26(a)(1) and the Court's CMC Notice; or

   <u> X </u>    Will exchange such disclosures by July 31, 2024.

3. The parties recommend the following track:

     __ Expedited                <u>X</u> Standard                __ Complex

     __ Administrative        __ Mass Tort

4. This case X is / is not suitable for Alternative Dispute Resolution ("ADR") (e.g., mediation, arbitration, summary trial). (After parties conduct written discovery).

5. The parties __ do / X do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636(c).

6. The parties agree that this case does / X does not involve electronic discovery.

**(Counsel are reminded to review the default standard for e-discovery set forth in Appendix K to the Local Rules.)**

7. Recommended Discovery Plan:

    (a) Describe the subjects on which discovery is to be sought, the nature and extent of discovery, and any potential problems:

    <u>Plaintiff will seek discovery on the claims in the Complaint via written interrogatories, document requests, and depositions. Defendant, using the same discovery tools, will seek discovery from Plaintiff regarding the nature and extent of his claims and allegations in the Complaint. Defendant will also seek discovery in further support of its affirmative defenses, including but not limited to Plaintiff's efforts to mitigate his alleged damages. The parties do not foresee any potential problems at this time.</u>

    (b) Describe anticipated e-discovery issues (i.e., what ESI is available and where it resides; ease/difficulty and cost of producing information; schedule and format of production; preservation of information; agreements about privilege or work-production protection, etc.):

    The parties do not anticipate extensive ESI discovery involving metadata, backup tapes, or similar items. Both parties do anticipate seeking discovery of emails, and to the extent this can be considered ESI, have agreed that the emails may be produced in paper or electronic format at the producing party's election. In the event discovery appears to require special procedures for ESI, the parties have agreed to work through an agreement and present it to the Court at an appropriate future date.

    The parties have agreed that, upon receiving one another's written discovery requests, and on an on-going basis during discovery, the parties will determine if a protective order is necessary (e.g., for other employees' personnel file or for Plaintiff's medical documentation), and if so, meet and confer for the purpose of negotiating a stipulated

protective order. Thereafter, the parties will present the stipulation to the Court (or the issues for resolution if no agreement is reached) for such further order of the Court as it may deem appropriate.

The Parties stipulate that the inadvertent production of information subject to a privilege shall not constitute a waiver of an applicable privilege. The parties shall be entitled to the maximum protection allowed by Fed. R. Evid. 502(d). In addition to those protections, the parties have also agreed that upon discovery of an inadvertently-produced document, the opposing party shall be notified. All copies of the inadvertently-produced document should then be returned to the producing party or be destroyed within five (5) business days. Any copies of the inadvertently-produced, privileged document provided to third parties, contained in the discovery record, or filed with the Court should be retrieved and, again, returned to the producing party or destroyed within ten (10) business days. To the extent the receiving party is challenging the assertion of privilege, the receiving party may retain one copy of the inadvertently-produced document(s) until the issue of privilege can be timely addressed by the Court, and during such time the inadvertently-produced document(s) shall not be used for any purpose other than challenging the privilege assertion.

8. Recommended cut-off for amending the pleadings and/or adding additional parties:

   August 1, 2024.

9. Expert reports disclosed by:

   (a)   Plaintiff's: December 6, 2024

   (b)   Defendant's: January 6, 2025

10. Discovery deadlines:

    (a)   Liability: February 28, 2024

    (b)   Damages: February 28, 2024

    (c)   Expert Liability: February 28, 2024

    (d)   Expert Damages: February 28, 2024

    (e)

11. Recommended dispositive motion date: April 15, 2025

12. Recommended date for telephone status: November 15, 2024

13. Other matters for the attention of the Court: None

3

<u>None.</u>

Signatures:

| Attorney for Plaintiff(s): | Attorney for Defendant(s) |
|---|---|
| */s/Francis J. Landry* | */s/Jorden R. Messmer\** |
|  | *consent per email 6/27/2024 |